## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## EASTERN DISTRICT OF TENNESSEE

In re

                                            Case No.  11-30269

CHASE LAWRENCE VACCARO
ROBIN ELAINE VACCARO

                  Debtors

           ANN MOSTOLLER, TRUSTEE

                  Plaintiff

              v.                                Adv. Proc. No.  12-3033

BEAZER MORTGAGE CORPORATION,
GMAC MORTGAGE, LLC,
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., and
FEDERAL NATIONAL MORTGAGE ASSOCIATION

                  Defendants

## MEMORANDUM ON
## MOTION TO DISMISS

**APPEARANCES:**    MOSTOLLER, STULBERG, WHITFIELD & ALLEN
                        Ann Mostoller, Esq.
                        136 South Illinois Avenue
                        Suite 104
                        Oak Ridge, Tennessee  37830
                        Attorneys for Plaintiff

                        BRADLEY ARANT BOULT CUMMINGS, LLP
                        Austin L. McMullen, Esq.
                        1600 Division Street
                        Suite 700
                        Nashville, Tennessee  37203

Glenn E. Glover, Esq.
T. Parker Griffin, Esq.
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama  35203
Attorneys for Defendants GMAC Mortgage, LLC,
   Mortgage Electronic Registration Systems, Inc.,
   and Federal National Mortgage Association

Beazer Mortgage Corporation
2630 South Falkenburg Road
Riverview, Florida  33569
Defendant

**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

This adversary proceeding is before the court upon the Complaint filed by the Plaintiff on April 6, 2012, seeking a determination of the nature, extent, and priority of the Defendants' lien, if any, encumbering the Debtors' residential real property pursuant to 11 U.S.C. § 506 (2006) and, in the event the lien is not perfected, seeking to avoid the transfer of the property under 11 U.S.C. § 544 (2006), thus allowing her to sell the property pursuant to 11 U.S.C. § 363 (2006) and use the proceeds for the benefit of the Debtors' estate.  On May 7, 2012, the Defendants, Federal National Mortgage Association, Mortgage Electronic Registration Systems, Inc., and GMAC Mortgage, LLC, filed a Motion to Dismiss, arguing that the Plaintiff has failed to state a claim upon which relief may be granted.[1]  The Plaintiff filed a Response to Motion to Dismiss on May 29, 2012, stating that the Complaint sufficiently pled her claim that the Defendants are not entitled to enforce a promissory note under Florida law based upon questionable indorsements on the note and a deficient Affidavit of Lost Note attached to the Proof of Claim filed by GMAC Mortgage, LLC.  In the event the Complaint does not sufficiently plead her claim, the Plaintiff requests leave to amend pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7015 of the Federal Rules of Bankruptcy Procedure.  Also on May 29, 2012, GMAC Mortgage, LLC filed a Notice of Bankruptcy and Effect of Automatic Stay, advising that it had filed for bankruptcy under Chapter 11 in the United States Bankruptcy Court for the Southern District of New York on May 14, 2012.

---

[1] As of the date of this Memorandum, the Defendant Beazer Mortgage Corporation has not filed a responsive pleading or otherwise appeared.  All references within this Memorandum to "Defendants" are limited to Federal National Mortgage Association, Mortgage Electronic Registration Systems, Inc., and GMAC Mortgage, LLC, collectively.

On June 21, 2012, the Defendants filed the Defendants' Reply to the Trustee's Response to Defendants' Motion to Dismiss (Reply), addressing the Plaintiff's challenges to the promissory note. Also on June 21, 2012, GMAC Mortgage, LLC filed a Notice of Supplemental Order for Interim Stay Relief Entered in Chapter 11 Bankruptcy of GMAC Mortgage, LLC, whereby the United States Bankruptcy Court for the Southern District of New York modified the automatic stay to allow for the continuation by a bankruptcy trustee to "commence or continue to prosecute against the Debtors a motion or adversary proceeding, as applicable, to determine the validity, priority or extent of a Debtor's lien against the Bankruptcy Borrower's property[.]" NOT. OF SUPP. ORDER, EX. A at ¶ 13(a)(iii).

The Trustee filed an Objection to Defendants' Reply on June 22, 2012, asking the court to strike the Reply as untimely and unauthorized, to which the Defendants, also on June 22, 2012, filed the Defendants' Response to the Trustee's Objection, arguing that the Reply should be allowed in order to answer arguments raised for the first time by the Plaintiff in her Response to Motion to Dismiss.  Although the Local Rules of the United States Bankruptcy Court for the Eastern District of Tennessee do not authorize the filing of a reply to a response to a motion to dismiss, because the Plaintiff raised the previously unstated allegations in her Response to Motion to Dismiss concerning the Affidavit of Lost Note and, in essence, asked the court for leave to amend her Complaint to include those allegations without properly making a motion as required by E.D. Tenn. LBR 7015-1, the court will consider the Response to Motion to Dismiss as such and will consider the Defendants' Reply as an amended Motion to Dismiss inasmuch as it addresses the Plaintiff's amended allegations.  The court will overrule the Plaintiff's Objection to Defendants' Reply.

4

This is a core proceeding.  28 U.S.C. § 157(b)(2)(A), (K), (O) (2006).

## I

In general, "[a] pleading that states a claim for relief must contain:  (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."  FED. R. CIV. P. 8(a)  (applicable to adversary proceedings under FED. R. BANKR. P. 7008).  The complaint need not contain "detailed factual allegations[; however,] a plaintiff's obligation to provide the grounds of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level[.]"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (internal citations and brackets omitted).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1966) (brackets omitted)).

Through Rule 12 of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted[.]"  FED. R. CIV. P. 12(b)(6)

(applicable to adversary proceedings through FED. R. BANKR. P. 7012).  When deciding a motion

to dismiss under Rule 12(b)(6), the court "construe[s] the complaint in the light most favorable to

the plaintiff, accept[s] its allegations as true, and draw[s] all reasonable inferences in favor of the

plaintiff." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting

*Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)).  Nevertheless, "[t]he factual allegations,

assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause

of action; they must show *entitlement* to relief.  To state a valid claim, a complaint must contain

either direct or inferential allegations respecting all the material elements to sustain recovery under

some viable legal theory."  *League of Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir.

2007) (quoting *Twombly*, 550 U.S. at 562, 127 S. Ct. at 1969).  "A complaint that offers nothing

more than naked assertions will not suffice."  *Robinson v. BAC Home Loans Servicing, L.P.*, 2012

WL 1520125, at *2, 2012 U.S. Dist. LEXIS 60515, at *4 (D. Ariz. May 1, 2012).

Additionally, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the

Complaint and any exhibits attached thereto, public records, items appearing in the record of the

case[,] and exhibits attached to the defendant's motion to dismiss so long as they are referred to in

the Complaint and are central to the claims contained therein." *Bassett*, 528 F.3d at 430; *see also*

*New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th

Cir. 2003) ("A court that is ruling on a Rule 12(b)(6) motion may consider materials in addition to

the complaint if such materials are public records or are otherwise appropriate for the taking of

judicial notice.").  No documents were attached to the Complaint, the Response to Motion to

Dismiss, or the Reply; however, the court, pursuant to Rule 201 of the Federal Rules of Evidence,

takes judicial notice of the Proof of Claim and supporting documentation filed by GMAC Mortgage,

LLC in the Debtors' bankruptcy case on November 7, 2011, which was expressly referenced by the

Plaintiff in her Complaint and is necessary for the resolution of this adversary proceeding.[2]

## II

The Complaint, professing to be an "action to determine the nature, extent and priority of the

Defendants' lien, if any, on the property of the Debtors," contains the following allegations as the

factual basis for the Plaintiff's cause of action:

8.   Debtors scheduled Defendant, GMAC Mortgage, as a secured creditor with a mortgage on real property located at 14117 Stilton Street, Tampa, FL.

9.   GMAC Mortgage, filed a proof of claim on November 7, 2011.  The documents attached to the proof of claim include a deed of trust and note to Defendant Beazer Mortgage Corporation, with several endorsements on the note, a suspect assignment to GMAC, and an Affidavit that the original note has been lost.

10.   Defendant, Mortgage Electronic Registration Systems, Inc. is listed as the nominee for Defendant, Beazer Mortgage Corporation, and its successors and assigns and is the beneficiary under the deed of trust referenced in paragraph 9.

11.   Upon investigation the Plaintiff has determined the lien on the property in question is backed by Defendant, Federal National Mortgage Association.

12.   The assignment to GMAC was executed by Jeffrey Stephan, a GMAC employee who signed the document as an officer of Defendant MERS.  Prepared by attorney David J. Stern, it was executed on May 7, 2010, but purports to be effective as of July 9, 2009.  Mr. Stern's office has since closed due to allegations of foreclosure fraud and Mr. Stephan has been deposed in other lawsuits and admitted to signing approximately 10,000 documents a month which were often notarized a day later, failing to verify information contained in the documents he signed or even to review

---

[2] The following documents were filed by the Defendant, GMAC Mortgage, LLC, in support of its Proof of Claim:  (1) a Proof of Claim Cost Sheet; (2) a copy of the Mortgage executed by the Debtors on August 17, 2007, and recorded on August 23, 2007, with the attached 1-4 Family Rider (Assignment of Rents) and Planned Development Rider; (3) Assignment of Mortgage; and (4) Affidavit of Lost Note executed on October 20, 2011.

the documents, and other behaviors at odds with the legitimate execution of real
estate security documents.  The three endorsements on the note appear to have been
executed by other people who have been identified in other cases around the country
as people who signed documents indiscriminately with bizarre "limited signing
authorities" associated with Defendant MERS.

COMPL. at ¶¶ 8-12.  For relief, the Plaintiff requests that "the Court determine the nature and extent

of the liens of the Defendants [and] upon a finding that the lien of the Defendants in the property is

not perfected, . . . an order finding the interest of the Plaintiff in the property to be superior to that

of the Defendants, and allow her to sell the property and use the proceeds of the sale for the benefit

of the bankruptcy estate."  COMPL. at ¶¶ B-C.

In the Response to Motion to Dismiss, the Plaintiff explains that she "filed this action to

establish that the Defendants do not have an allowed secured claim in Debtors' Florida real estate[,]"

RESP. at 3, relying first on § 506, which provides, in material part, as follows:

> (a)(1) An allowed claim of a creditor secured by a lien on property in which the estate
> has an interest . . . is a secured claim to the extent of the value of such creditor's
> interest in the estate's interest in such property . . . and is an unsecured claim to the
> extent that the value of such creditor's interest . . . is less than the amount of such
> allowed claim.  Such value shall be determined in light of the purpose of the
> valuation and of the proposed disposition or use of such property, and in conjunction
> with any hearing on such disposition or use or on a plan affecting such creditor's
> interest.
>
> . . . .
>
> (d) To the extent that a lien secures a claim against the debtor that is not an allowed
> secured claim, such lien is void, unless—
>
>> (1) such claim was disallowed only under section 502(b)(5) or 502(e) of this
>> title; or
>
>> (2) such claim is not an allowed secured claim due only to the failure of any
>> entity to file a proof of such claim under section 501 of this title.

8

11 U.S.C. § 506.  Additionally, the Plaintiff relies on subsection (3) of § 544(a), stating that:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by –
>
> . . . .
>
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3).

The Plaintiff's arguments under § 506 have previously been made and rejected in other adversary proceedings she has filed.  As was thoroughly discussed in *Mostoller v. Saxon Mortg. Servs., Inc. (In re Hunter)*, 466 B.R. 439 (Bankr. E.D. Tenn. 2012) and reiterated in *Mostoller v. Dover Mortg. Co. (In re Johnson)*, 2012 WL 1565125, 2012 Bankr. LEXIS 1902 (Bankr. E.D. Tenn. May 1, 2012), "'validity' means the existence or legitimacy of the lien itself, 'priority' means the lien's relationship to other claims or interests in the collateral, and 'extent' means the scope of the property encompassed by or subject to the lien." *Hunter*, 466 B.R. at 447 (quotations and brackets omitted); *Johnson*, 2012 WL 1565125, at *2, 2012 Bankr. LEXIS 1902, at *7 (quotations and brackets omitted).  Attached to the proof of claim filed by GMAC Mortgage, LLC on November 7, 2011, is a Mortgage executed by the Debtors in favor of the Defendant Beazer Mortgage Corporation on August 17, 2007,[3] to secure a $270,500.00 loan encumbering real property located at

---

[3] The Defendant, Mortgage Electronic Registration Systems, Inc., is a nominee for Beazer Mortgage Corporation and is designated as the mortgagee under the Mortgage.

14117 Stilton Street, Tampa, Florida (Stilton Street Property). Incorporated into the Mortgage is a 1-4 Family Rider (Assignment of Rents) and Planned Unit Development Rider. The Mortgage and two Riders were recorded as Instrument #2007374090 with the Clerk of the Circuit Court Hillsborough County, Florida, on August 23, 2007.

The Plaintiff does not challenge the validity of the Mortgage nor does she argue that its recording created anything other than a validly perfected lien upon the Stilton Street Property. Instead, as stated in the Response to Motion to Dismiss, the Plaintiff challenges the Defendants' standing to enforce the $270,500.00 August 17, 2007 Note secured by the Mortgage by questioning the validity of the indorsements on the Note and the remaining documentation attached to the Proof of Claim: the Assignment of Mortgage recorded on July 13, 2010, with the Clerk of Circuit Court Hillsborough County, Florida, as Instrument #2010232212, which was executed by Jeffrey Stephan, Vice President of Mortgage Electronic Registration Systems, Inc. on May 7, 2010, with an effective date of July 9, 2009, and the Affidavit of Lost Note executed by Lisa Magnuson on October 20, 2011. Although § 506 governs the amount and treatment of secured claims in order "to facilitate valuation and disposition of property in the reorganization chapters of the Code[,]" as was the case in both *Hunter* and *Johnson*, the Plaintiff's reliance on § 506(a) to challenge the Defendants' standing to enforce a note secured by a recorded mortgage is misplaced, and her Complaint does not call into question the nature, extent, or validity ***of the lien*** against the Stilton Street Property which, based upon the documentation referenced above, is properly perfected. *Hunter*, 466 B.R. at 446-47 (quotations omitted); *Johnson*, 2012 WL 1565125, at *2, 2012 Bankr. LEXIS 1902, at *7-8 (quotations omitted).

Likewise, the Plaintiff has failed to plead any facts to support avoiding the Mortgage under § 544(a)(3). Through this subsection, a bankruptcy trustee "hypothetically purchases the debtor's property at the commencement of the bankruptcy case, then determines whether it is subject to any valid prior interests." *Gregory v. Ocwen Fed. Bank (In re Biggs)*, 377 F.3d 515, 517 (6th Cir. 2004). In other words, the trustee "is considered a bona fide purchaser of the Debtor's property and may therefore avoid certain obligations placed on the property that are voidable under state law." *Rogan v. Am. Gen. Home Equity, Inc. (In re Brockman)*, 451 B.R. 421, 425 (B.A.P. 6th Cir. 2011). Whether the Plaintiff possesses the status of a bona fide purchaser, which is generally defined as "one who has purchased property for value without notice of any defects in the title of the seller[,]" *In re Linn*, 212 B.R. 169, 171 (Bankr. S.D. Fla. 1997) (quoting *United States v. Hunter (In re Walter)*, 45 F.3d 1023, 1030 (6th Cir. 1995)) (brackets omitted), is determined under applicable state law, which both parties agree is Florida. *See, e.g., Tibble v. Wells Fargo Bank, N.A. (In re Hudson)*, 455 B.R. 648, 652 (Bankr. W.D. Mich. 2011) ("Whether [bona fide purchaser] status exists or not is determined by reference to state law.").

When the Debtors filed their bankruptcy case on January 27, 2011, the Mortgage had been recorded for more than three years, and no bona fide purchaser could have obtained an interest in the Stilton Street Property superior to that of Beazer Mortgage Corporation and its nominee, Mortgage Electronic Registration Systems, Inc., from the date upon which the conveyance was recorded. *See* FLA. STAT. § 695.01 (2012) ("No conveyance, transfer, or mortgage of real property, or of any interest therein, . . . shall be good and effectual in law or equity against creditors or subsequent purchasers for valuable consideration and without notice, unless the same be recorded according to

11

law . . . [.]"); *Townsend v. Morton*, 36 So.3d 865, 869 (Fla. Dist. Ct. App. 2010) ("[T]he purpose of recording a deed is to give notice to third parties rather than validate an otherwise properly executed instrument between the parties.") (citations omitted).  Accordingly, the Mortgage unquestionably encumbered the Stilton Street Property with a lien to secure payment of the August 17, 2007 Note executed by the Debtors.  While she does not challenge the original Mortgage, the Plaintiff alleges that the Assignment of Mortgage to GMAC Mortgage, LLC from Mortgage Electronic Registration Systems, Inc. is suspect first because "it was executed on May 7, 2010, but purports to be effective as of July 9, 2009[,]" and that "Mr. Stephan [who executed the Assignment of Mortgage] has been deposed in other lawsuits and admitted to signing approximately 10,000 documents a month which were often notarized a day later, failing to verify information contained in the documents he signed or even to review the documents, and other behaviors at odds with the legitimate execution of real estate security documents." COMPL. at ¶ 12.  The Complaint also alleges that the Assignment of Mortgage was prepared by David J. Stern, an attorney whose office "has since closed due to allegations of foreclosure fraud." COMPL. at ¶ 12.

Similarly, the Plaintiff supplements these allegations by averring that "[t]he three indorsements on the note appear to have been executed by other people who have been identified in other cases around the country as people who signed documents indiscriminately with bizarre 'limited signing authorities' associated with Defendant MERS[,]" COMPL. at ¶ 12, and by raising questions as to the validity of the Affidavit of Lost Note in her Response to Motion to Dismiss.  For the first, the Plaintiff raises the following concerning the indorsements on the Note itself:

> The first endorsement on the promissory note is by Joanne Wight, Vice President of GMAC Bank, noted under her signature to be "agent for Beazer Mortgage

12

Corporation", the original mortgage lender.  If she acted as its agent, there should be proof of that authority – a power of attorney or corporate resolution showing her to have signing authority.  Shall we take her authority on faith, in view of the last several years of revelations about the mortgage industry's document practices?

RESP. TO MOT. TO DISMISS, at 4.  As for her issues with the Affidavit of Lost Note, the Plaintiff argues the following:

> The Affidavit of Lost Note executed by Lisa Magnuson is deficient as proof that Defendants cannot produce the original to show their standing to enforce the obligation.  She identifies herself as an "Authorized Officer".  What does that mean? The Trustee would be remiss in her duties if she took Ms. Magnuson's assertions at face value.  Does she have personal knowledge of the events?  When was the note released for foreclosure to the law offices of David Stern?  What entity released it to him?  Is she reciting information gleaned from files she has reviewed or notes in files made by others?

RESP. TO MOT. TO DISMISS, at 4-5.

None of the Plaintiff's arguments, however, meet the standard for surviving a Rule 12(b)(6) motion.  The record reflects that the Assignment of Mortgage was recorded with the Clerk of the Circuit Court Hillsborough County, Florida, on July 13, 2010, more than six months before the Debtors filed their bankruptcy case on January 27, 2011.  With respect to the Assignment of Mortgage's July 9, 2008 effective date differing from its execution date of May 7, 2010, a document may be executed on a date different from its effective date.  "[T]he effective date of a contract is not the date of execution where the contract expressly states that its terms are to take effect at an earlier date." *Am. Cyanamid Co. v. Ring*, 286 S.E.2d 1, 3 (Ga. 1982); *see also Colello v. Colello*, 9 A.D.3d 855, 857 (N.Y. App. Div. 2004) ("It is fundamental that where parties to an agreement expressly provide that a written contract be entered into 'as of' an earlier date than that on which it was executed, the agreement is effective retroactively 'as of' the earlier date and the parties are bound

13

thereby accordingly.") (citations omitted).  As succinctly stated by the United States District Court

for the District of Arizona in a similar challenge to assignments in a foreclosure action:

> Plaintiff argues that the first assignment from Avenue Financial Services to MERS
> and the second assignment from MERS to U.S. Bank were backdated, and that the
> second assignment was "robo-signed" by Paula Gruntmeir on behalf of Tiffany &
> Bosco.  Such conclusory allegations are the type of "unadorned, the-defendant-
> unlawfully-harmed-me accusation[s]" that are insufficient under the Supreme Court's
> pleading standards.  *Iqbal*, 129 S. Ct. at 1949.  Plaintiff infers wrongdoing related to
> the first assignment because the signature date and recording date do not match.
> While an instrument beneficiary may bear a risk by delaying recording, Plaintiff has
> cited no authority suggesting that prompt recording is required by law.  Plaintiff
> infers wrongdoing related to the second assignment because it was signed on
> January 12, 2011, but states an effective date of December 16, 2010.  Courts have
> recognized parties' freedom to set effective dates for transactions, and have enforced
> these dates.  *See, e.g., Inlandboatmens Union of Pac. v. Dutra Group*, 279 F.3d 1075,
> 1082 (9th Cir.2002) ("The effective date clause thus unambiguously removed any
> real time gap that may have existed [.]"); *Statewide Ins. Corp. v. Dewar*, 143 Ariz.
> 553, 557, 694 P.2d 1167 (1984) (enforcing the parties' explicitly stated effective
> date).

*Gullion v. Tiffany & Bosco, P.A.*, 2012 WL 260040, at *3, 2012 U.S. Dist. LEXIS 47996, at *9-10

(D. Ariz. Jan. 30, 2012) (exhibit references omitted).

The Plaintiff fails to state a claim upon which relief can be granted on the standing issues as

well, and her allegations in the Complaint that the indorsements on the August 17, 2007 Note were

signed by Mortgage Electronic Registration Systems, Inc.'s employees with "limited signing

authorities," supplemented by those in the Response to Motion to Dismiss that Joanne Wight, Vice

President of GMAC Bank, acted as an agent for Beazer Mortgage Corporation, are wholly

conclusory without supporting authority and likewise do not satisfy the pleading standard required

by the Supreme Court in *Twombly* and *Iqbal*.

14

As extensively explained in both *Hunter* and *Johnson*, the party entitled to enforce a note and its accompanying mortgage is the real party in interest to enforce the rights of a mortgagee in a bankruptcy.  The August 17, 2007 Note is a negotiable instrument governed by Article III of the Uniform Commercial Code, and the question of whether the Defendants are entitled to enforce it is determined under Florida's adoption thereof.  Florida law defines a person entitled to enforce an instrument as "(1) The holder of the instrument; (2) A nonholder in possession of the instrument who has the rights of a holder; or (3) A person not in possession of the instrument who is entitled to enforce the instrument pursuant to § 673.3091 or § 673.4181(4)."  FLA. STAT. § 673.3011 (2001); *see also* FLA. STAT. § 673.3011 OFFICIAL CMTS. ("In revised Article 3, Section 3-301 defines 'person entitled to enforce' an instrument.  The definition recognizes that enforcement is not limited to holders . . . [and] includes any other person who under applicable law is a successor to the holder or otherwise acquires the holder's rights.").  "A 'holder' is defined as '[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession.'"  *Isaac v. Deutsche Bank Nat'l Trust Co.*, 74 So.3d 495, 496 (Fla. Dist. App. 2011) (quoting FLA. STAT. § 671.201(21)(a) (2012)).  The rights of a holder are conferred through negotiation, which "means a transfer of possession, whether voluntary or involuntary, of an instrument by a person other than the issuer to a person who thereby becomes its holder[,]" FLA. STAT. § 673.2011(1) (2012), and indorsement which is defined, in part, as follows:

> (1) The term "indorsement" means a signature, other than that of a signer as maker, drawer, or acceptor, that alone or accompanied by other words is made on an instrument for the purpose of negotiating the instrument, restricting payment of the instrument, or incurring indorser's liability on the instrument; but, regardless of the intent of the signer, a signature and its accompanying words is an indorsement unless the accompanying words, terms of the instrument, place of the signature, or other

circumstances unambiguously indicate that the signature was made for a purpose
other than indorsement. . . . .

 . . . .

(3) For the purpose of determining whether the transferee of an instrument is a
holder, an indorsement that transfers a security interest in the instrument is effective
as an unqualified indorsement of the instrument.

FLA. STAT. § 673.2041 (2012). "If an indorsement is made by the holder of an instrument and it is

not a special indorsement [payable to an identified person], it is a 'blank indorsement.' When

indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of

possession alone until specially indorsed . . . by writing, above the signature of the indorser, words

identifying the person to whom the instrument is made payable." FLA. STAT. § 673.2051(2)-(3)

(2012). Nevertheless, "[t]ransfer of an instrument, whether or not the transfer is a negotiation, vests

in the transferee any right of the transferor to enforce the instrument[.]" FLA. STAT. § 673.2031(2)

(2012).

As to whether the August 27, 2007 Note was validly endorsed, Florida law states, in material

part, the following concerning proof of signatures:

(1) In an action with respect to an instrument, the authenticity of, and authority to
make, each signature on the instrument is admitted unless specifically denied in the
pleadings. If the validity of a signature is denied in the pleadings, the burden of
establishing validity is on the person claiming validity, but the signature is presumed
to be authentic and authorized unless the action is to enforce the liability of the
purported signer and the signer is dead or incompetent at the time of trial of the issue
of validity of the signature. If an action to enforce the instrument is brought against
a person as the undisclosed principal of a person who signed the instrument as a party
to the instrument, the plaintiff has the burden of establishing that the defendant is
liable on the instrument as a represented person under § 673.4021(1).

FLA. STAT. § 673.3081(1) (2012). As explained by the Official Comments:

16

Section 3-308 is a modification of former Section 3-307. The first two sentences of subsection (a) are a restatement of former Section 3-307(1). The purpose of the requirement of a specific denial in the pleadings is to give the plaintiff notice of the defendant's claim of forgery or lack of authority as to the particular signature, and to afford the plaintiff an opportunity to investigate and obtain evidence. If local rules of pleading permit, the denial may be on information and belief, or it may be a denial of knowledge or information sufficient to form a belief. It need not be under oath unless the local statutes or rules require verification. In the absence of such specific denial the signature stands admitted, and is not in issue. Nothing in this section is intended, however, to prevent amendment of the pleading in a proper case.

The question of the burden of establishing the signature arises only when it has been put in issue by specific denial. "Burden of establishing" is defined in Section 1-201. The burden is on the party claiming under the signature, but the signature is presumed to be authentic and authorized except as stated in the second sentence of subsection (a). "Presumed" is defined in Section 1-201 and means that until some evidence is introduced which would support a finding that the signature is forged or unauthorized, the plaintiff is not required to prove that it is valid. The presumption rests upon the fact that in ordinary experience forged or unauthorized signatures are very uncommon, and normally any evidence is within the control of, or more accessible to, the defendant. The defendant is therefore required to make some sufficient showing of the grounds for the denial before the plaintiff is required to introduce evidence. The defendant's evidence need not be sufficient to require a directed verdict, but it must be enough to support the denial by permitting a finding in the defendant's favor. Until introduction of such evidence the presumption requires a finding for the plaintiff. Once such evidence is introduced the burden of establishing the signature by a preponderance of the total evidence is on the plaintiff.

FLA. STAT. § 673.3081 OFFICIAL CMTS. at 1. The Plaintiff's vague and nonspecific allegations concerning the indorsements do not overcome the presumption of their validity under Florida Statute § 673.3081.

As an in initial matter, in reviewing the August 17, 2007 Note, the court does not find where it states that Ms. Wight is a vice president of GMAC Bank as alleged by the Plaintiff in her Response to Motion to Dismiss. The indorsement signed by Ms. Wight reads "Pay to the order without recourse: GMAC Bank" and is signed by "Joanne Wight, Vice President, agent for Beazer Mortgage

Corporation."  The fact that "Beazer Mortgage Corporation" was handwritten while the rest of the indorsement was typed is immaterial.  Neither the Complaint nor the Response to Motion to Dismiss contain any facts to expressly contest the validity and authenticity of any of the signatures themselves, nor does the Plaintiff offer into the record any factual proof calling into question the validity of the signature other than her unsupported averments concerning the authority of those making the indorsements.  Mere allegations that a signature appears to be invalid are not sufficient to overcome the presumption that signatures are, in fact, valid.  *See* Fla. Stat. § 673.3081.

The August 17, 2007 Note contains two additional indorsements.  The first, "Pay to the Order of GMAC Mortgage, LLC Without Recourse," was signed by D. Chiodo, Assistant Secretary, GMAC Bank.  The second, also payable without recourse, is a blank indorsement signed by J. Gray, Limited Signing Officer, GMAC Mortgage, LLC f/k/a GMAC Mortgage Corporation.  The court finds nothing suspect as to either of these indorsements, and the Plaintiff has offered no facts to support her allegations that the indorsements "appear to have been executed by other people who have been identified in other cases around the country as people who signed documents indiscriminately with bizarre 'limited signing authorities' associated with Defendant MERS." Compl. at ¶ 12.

Because the August 17, 2007 Note contains a blank indorsement from GMAC Mortgage, LLC, any holder is entitled to enforce it.  Although none of the Defendants is in possession of the August 17, 2007 Note, an Affidavit of Lost Note with a copy of Note is attached to the Proof of Claim.  Under Florida law,

18

     (1)  A person not in possession of an instrument is entitled to enforce the instrument if:

> (a) The person seeking to enforce the instrument was entitled to enforce the instrument when loss of possession occurred, or has directly or indirectly acquired ownership of the instrument from a person who was entitled to enforce the instrument when loss of possession occurred;
>
> (b) The loss of possession was not the result of a transfer by the person or a lawful seizure; and
>
> (c) The person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

FLA. STAT. § 673.3091(1) (2012).  In support of her arguments that the Affidavit of Lost Note does not establish any of the Defendants' authority to enforce the Note, the Plaintiff cited to a number of cases referencing the foregoing statute in which banks and/or other entities were not allowed to foreclose or obtain a judgment on the lost instrument because they could not establish their entitlement to enforce the respective notes in question.  These cases are opposite, however, to the questions raised in this adversary proceeding.[4]  None of the Defendants here is actually attempting to foreclose and/or obtain a judgment on the August 17, 2007 Note; instead, they are simply asserting a claim in the Debtors' bankruptcy case secured by a lien that is superior to the intervening rights of other parties – including the Plaintiff – with respect to the Stilton Street Property.

     Furthermore, the Affidavit of Lost Note expressly states that Ms. Magnuson is an authorized officer of GMAC Mortgage, LLC, the servicer of the loan, outlines the terms of the Note, attaches

---

[4] Additionally, the Plaintiff did not properly cite to a number of the cases she referenced in her Response to Motion to Dismiss that were, in fact, published in official reporters or in an electronic database, nor did she attach copies for the court's convenience.

19

a copy of the Note as an exhibit, provides a detail of the search and inquiry she performed in her attempts to locate the original Note, and states that it has not been satisfied, pledged, assigned, or hypothecated.  A party seeking to establish his entitlement to enforce a note is not required to prove how possession was lost or that it was in his actual possession prior to it being lost.  *Deakter v. Menendez*, 830 So.2d 124, 127-28 (Fla. Dist. App. 2002).  Additionally, by signing the Affidavit under oath, Ms. Magnuson certified that she believes the averments contained therein are true.  The court is satisfied that this Affidavit of Lost Note meets the requirements of Florida Statute § 673.3091(1), irrespective that Ms. Magnuson's official title with GMAC Mortgage, LLC is not stated.

As the court held in *Hunter*, "unsupported averments" in a complaint questioning the authority of a representative to execute documents or "mere allegations" that a signature is invalid, without more, are insufficient to establish that a signor was not authorized or to overcome the presumption that a signature is valid.  *Hunter*, 466 B.R. at 451-52; *see also Gullion*, 2012 WL 260040, at *4, 2012 U.S. Dist. LEXIS 47996, at *12-13 ("The complaint alleges that the documents at issue 'show irregularities consistent with robo-signing, including no evidence of the signatory's authority['] . . .[; however, t]hese allegations do not state with particularity the circumstances constituting the alleged fraud.").[5]  Based upon the facts and the Plaintiff's own statements as to her

---

[5] Moreover, pursuant to Rule 9 of the Federal Rules of Civil Procedure, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  FED. R. CIV. P. 9(b) (applicable to adversary proceedings under FED. R. BANKR. P. 7009).  Because averments of fraud must be stated with particularity, "the threshold test is whether the complaint places the defendant on 'sufficient notice of the misrepresentation,' allowing the defendant[] to 'answer, addressing in an informed way plaintiffs [sic] claim of fraud.'"  *In re LTV Steel Co., Inc.*, 288 B.R. 775, 780 (Bankr. N.D. Ohio 2002) (quoting *Coffey v. Foamex L.P.*, 2 F.3d 157, 162 (6th Cir. 1993)) (citation omitted).  In order "to satisfy . . . Rule 9(b), 'the pleader must state the time, place and content of the false representation, the fact misrepresented, and what was obtained or given as a consequence of the fraud.'"  *Hartley v. Elder-Beerman*
(continued...)

bases for challenging the Assignment of Mortgage and/or Affidavit of Lost Note, the court also finds

that it would be futile to grant her leave to amend the Complaint because she cannot plead facts to

support a plausible claim under § 544(a)(3) and/or § 506(a).

> [T]he Court need not grant leave to amend if amendment would be futile. Plaintiffs'
> Complaint contains numerous mortgage foreclosure arguments that have been
> rejected time and time again for failure to state a claim. The allegation of additional
> facts in support of these theories could not possibly save the theories.

*Robinson*, 2012 WL 1520125, at *4, 2012 U.S. Dist. LEXIS 60515, at *11 (citation omitted); *see*

*also Campbell v. BMSF Ry. Co.*, 600 F.3d 667, 677 (6th Cir. 2010) ("An amendment is futile if it

would not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)."). The

Plaintiff has raised these same issues in numerous adversary proceedings, and the court has

repeatedly rejected the same arguments she has raised again in this adversary proceeding.

Accordingly, it would be futile for her to amend the Complaint when she cannot allege any facts to

cure the lack of a plausible cause of action.

For the foregoing reasons and based upon the facts pled by the Plaintiff in the Complaint and

supplemented by her Response to Motion to Dismiss, even taken in a light most favorable to her, the

Plaintiff has failed to plead a cognizable claim. The Motion to Dismiss filed by the Defendants on

May 7, 2012, shall be granted, and the Plaintiff's Complaint will be dismissed as to the Defendants,

GMAC Mortgage, LLC, Mortgage Electronic Registration Systems, Inc., and Federal National

---

[5](...continued)
*Stores Corp. (In re Elder-Beerman Stores Corp.)*, 222 B.R. 309, 312 (Bankr. S.D. Ohio 1998) (quoting *Bell v. Bell*, 132 F.3d 32, 1997 WL 764483, at *5 (6th Cir. Dec. 3, 1997)). The Complaint, supplemented by the Response to Motion to Dismiss, does not satisfy the requirements of Rule 9.

Mortgage Association.   The court will require the Plaintiff to appear and show cause why the

Complaint should not also be dismissed as to the Defendant, Beazer Mortgage Corporation.


     A Judgment consistent with this Memorandum will be entered.


FILED:  July 9, 2012

                                     BY THE COURT

                                     */s/  RICHARD STAIR, JR.*

                                     RICHARD STAIR, JR.
                                     UNITED STATES BANKRUPTCY JUDGE